**GUARANTEE MERCANTILE CO. v. JEFFERSON FARMERS' UNION COTTON WAREHOUSE CO.  (No. 2672.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 4, 1923.)

**1. Appeal and error ⬥1050(1)—Evidence not harmful, in view of other evidence admitted without objection.**

Error cannot be predicated on the admission of testimony, where others testified, without objection, to substantially the same facts.

**2. Evidence ⬥467—Waiver of provision of writing provable orally.**

Testimony, in action for negligent storing of cotton in the open, that plaintiff told defendant it preferred to have it left on the open platform, is not objectionable as varying the warehouse receipt, providing for its being stored under cover; it tending to show it was stored as plaintiff wished, and he having a right to waive the requirement for shelter.

**3. Witnesses ⬥255(2)—Railroad agent may refresh memory from book of original entry kept by him.**

Local railroad agent may, as witness, refresh his memory, as to condition of cotton when shipped, from a record kept by him shown to be a book of original entry.

**4. Appeal and error ⬥692(1)—Bill of exceptions required to show expected answer to excluded question.**

Error may not be predicated on refusal to allow witness to answer question; the bill of exceptions not showing what answer would have been given to it.

**5. Evidence ⬥529—Probability of injury in shipment held not subject for expert testimony.**

Because a jury of average men would know as much about it as would witness, probability of injury to cotton in shipment under stated conditions *held* not a subject for expert testimony.

**6. Appeal and error ⬥1050(2)—Admission of testimony outside of issues regarded as harmless.**

Admitting testimony foreign to the controversy, but of a character not likely to affect the result, should be regarded as harmless.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Action by the Guarantee Mercantile Company against the Jefferson Farmers' Union Cotton Warehouse Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. H. Benefield, of Jefferson, for appellant.

T. D. Rowell and I. C. Underwood, both of Jefferson, for appellee.

HODGES, J. During the cotton-buying season of 1918–19 the appellant, through an agent, bought 171 bales of cotton and stored them with the appellee. Warehouse receipts were issued by the appellee, then engaged in the business of storing cotton. In each of these it was stipulated that the cotton was to be stored under shelter. In March, 1919, the cotton left in storage was redelivered to the appellant, and by it shipped to Sulphur Springs, Tex., where many of the bales were found to be in a damaged condition. The cotton was picked and reconditioned, and several thousand pounds of damaged cotton were removed. Appellant filed this suit to recover the sum of $944.26, which it alleges represents the damages it sustained by reason of the failure of the appellee to store the cotton under shelter. The appellee answered by a general denial, and alleged that it received the cotton for storage and issued its receipts therefor; that much of the cotton was damaged and wet when bought by the appellant; that, if any of it was damaged by exposure to the weather after storage, it was with full knowledge and consent of the appellant. It was further alleged that the appellee moved the cotton from time to time on its platform in order to prevent damage; that most of the cotton was kept in the warehouse, and part of it was left on the exposed platform with the consent of the appellant. A trial before a jury resulted in a judgment for the appellee.

It is undisputed that most of the 171 bales of cotton involved in this suit were not stored under shelter, but were exposed to the rains of that season. The errors complained of in this appeal consist mainly of the rulings of the court on the admission and exclusion of testimony. Much of the testimony offered without objection tended to show heavy rainfalls during the season when this cotton was purchased; that much cotton was damaged in the fields before being gathered, and much cotton was ginned, baled, and stored in a damaged condition.

[1] Over the objection of the appellant, S. E. George was permitted to testify that he heard during that season some complaints about damaged cotton. The bill of exceptions was allowed, with the explanation that the witness George lived at Linden, Tex.; that it was shown that Linden was only about 18 miles from Jefferson, where the appellant's cotton was stored; and that the seasons and rainfall at the two places were practically the same. This testimony was admitted in support of the pleadings of the appellee that the damage to the cotton was caused by its exposure to rains before its purchase. It appears that other witnesses testified without objection to substantially the same facts. The assignment is overruled.

[2] The record shows that W. H. Nesbit was the cotton weigher, who weighed the cotton in controversy and had charge of the appellee's warehouse. He was permitted,

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

over the objection of the appellant, to testify that he turned the bales of cotton over from time to time in order to prevent damage, and, further, that Duff, appellant's agent, told witness that he (Duff) had rather the cotton would be left on the open platform while it was being shipped regularly, as the weights would hold out. This testimony was objected to upon the ground that it tended to vary the terms of the written contract, as evidenced by the warehouse receipts, which obligated the appellee to store the cotton under shelter. Appellee answers the objection by saying that the court did not submit that phase of its defense, and the evidence was harmless if erroneous. We are inclined, however, to think that in a suit of this kind, where the plaintiff sought to recover damages from the warehouseman on account of negligence in storing the cotton, the testimony was not subject to the objection. It tended to show that the cotton was stored in a manner satisfactory to its owner. If that be true, the owner could not claim damages that resulted from that character of storage. He had a right to waive the requirement to store under shelter.

[3] The next assignment complains of the admission of the testimony of A. A. Myers, local agent of the Missouri, Kansas & Texas Railway Company at Jefferson, who was permitted to testify as to the condition of the cotton when shipped, after refreshing his memory from a record which he kept. The objection is that the record was not a book of original entry and could not be used for that purpose. Other testimony tends to show that the record used by Myers was a book of original entry; the objection is untenable.

[4, 5] It is also complained that the court refused to permit Myers, after having qualified himself as an expert in handling and shipping cotton, to answer a question concerning the probability of the cotton being injured in transit from Jefferson to Sulphur Springs during a period of 10 or 12 days. The bill of exceptions does not show what the witness would have answered. We are also of the opinion that a jury of average men would know as much about the possibility of an injury under conditions stated as would the witness.

[6] B. F. Strickland, another witness, was permitted to testify about a transaction that seemed to be wholly foreign to the matter in controversy. We are unable to see any good reason why the testimony should have been admitted, but it was of that character which would not likely affect the result of this suit, and should be regarded as harmless.

The verdict of the jury is supported by the testimony. Evidence offered on the part of the appellee tended to show that much of the cotton in controversy was injured before it was ever purchased.

The judgment is affirmed.